

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** E-13-270

| | |
|---|---|
| DERRICK STEWART | **Opinion Delivered** October 23, 2013 |
| APPELLANT | |
| V. | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2013-BR-00613] |
| DIRECTOR, ARKANSAS DEPARTMENT OF WORKFORCE SERVICES, AND COOPER CAMERON CORP. | |
| APPELLEES | REVERSED AND REMANDED |

## PHILLIP T. WHITEAKER, Judge

Appellant Derrick Stewart was denied unemployment benefits upon the Board of Review's determination[1] that Stewart voluntarily left his job due to an injury and failed to make any reasonable efforts to preserve his job rights before doing so. We hold that substantial evidence does not support the Board's decision, and therefore reverse and remand for an award of benefits.

Stewart suffered a non-work-related shoulder injury while employed as an assembler by Cooper Cameron Corporation. Stewart applied for and received 26 weeks of leave. He was to return to work on July 8, 2012, when his leave expired. Upon expiration of leave,

---

[1]The Board of Review denied Stewart's application for appeal from the decision of the Appeal Tribunal. Thus, the decision of the Appeal Tribunal is deemed to be a decision of the Board for purposes of judicial review.

SLIP OPINION

Stewart was unable to return to work due to his shoulder injury, and he was terminated by his employer.

Stewart subsequently applied for unemployment benefits. The Department of Workforce Services denied his request for benefits because he had failed to verify his injury. The Appeal Tribunal (whose decision was adopted by the Board) affirmed. It found that by failing to return to work or failing to provide any additional medical documentation of the injury or need for extended leave, Stewart's reason for quitting was not attributable to his employer. As a result, Stewart was found to have voluntarily left last work without good cause connected to the work because of injury, but without making a reasonable effort to preserve his job rights.

Arkansas Code Annotated section 11-10-513(a)(1) (Repl. 2012) provides that an individual shall be disqualified for benefits if he voluntarily and without good cause connected with the work left his last work. However, no individual shall be disqualified if, after making reasonable efforts to preserve his job rights, he left his last work because of illness, injury, or disability. Ark. Code Ann. § 11-10-513(b)(2)(A) (Repl. 2012).

We review the findings of the Board in the light most favorable to the prevailing party, reversing only where the Board's findings are not supported by substantial evidence. *Ballard v. Dir., Ark. Dep't of Workforce Servs.*, 2012 Ark. App. 371. Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence on which the Board might have reached a different decision, the scope of our judicial review is limited to a determination of whether the Board could

SLIP OPINION

reasonably reach its decision upon the evidence before it. *Id.* Issues of credibility of witnesses and weight to be afforded their testimony are matters for the Board to determine. *Id.*

The Board's decision hinged on a finding that Stewart never provided any additional documentation of his injury. This finding is not supported by substantial evidence. The employer never challenged Stewart's claim that his injury prevented his return to work and even acknowledged that, at the expiration of his leave, Stewart had not been released to work and would be taking long-term disability. Moreover, the Board's decision fails to consider the employer's own admission that once Stewart exhausted his 26 weeks of leave and was unable to return to work, there were no efforts he could have made to retain his job. Based on these undisputed facts, we hold that reasonable minds could not conclude that Stewart failed to make reasonable efforts to preserve his job rights. Because the Board's decision is not supported by substantial evidence, we reverse and remand for an award of benefits.

HARRISON and GRUBER, JJ., agree.

*Derrick Stewart*, pro se appellant.

*Phyllis Edwards*, for appellee.