N. MARK KLAPPENBACH, Judge
Following her discharge from Baptist Medical Center, Markitt Smith's application for unemployment benefits was denied by the Department of Workforce Services. Smith appealed to the Appeal Tribunal, which found that she was not entitled to unemployment benefits because she was discharged for misconduct in connection with the work. The Board of Review adopted the decision of the Appeal Tribunal. Smith now appeals the decision of the Board of Review, and we reverse and remand.
Smith was on medical leave from work due to a nonwork injury when she was terminated. A leave-request letter dated April 5, 2018, stated that Smith's leave was approved through April 17, 2018, but noted that the end date was flexible and informed her to update the employer once she had additional information regarding the amount of time off needed. The letter stated that if she did not contact the employer on or before the approved end date, she would be expected to return on her next regularly scheduled work day after April 17, 2018.
Renee Bearfield, Baptist's employee-relations manager, testified that Smith requested additional leave past April 17 but failed to submit the certification needed to have it granted. Bearfield testified that Smith was informed in a May 9 leave-request letter that she needed to provide certain information and documentation within fifteen days. Bearfield said that Smith failed to comply with the letter's requests. Smith testified that she let her supervisor know that she would not be returning by April 17, that she filled out and sent in her portion of the paperwork to obtain additional leave, and that she called her doctor's office and was told that the doctor's portion of the paperwork had been faxed to the employer.
As described by Bearfield, the May 9 letter in the record states that Smith's leave request is under review and instructs her to have her doctor complete and return an attached medical-inquiry form within fifteen days. Also in the record, however, is a "Terminal Evaluation" dated May 8, 2018, indicating that Smith was discharged on that date. The record also contains a form completed by Bearfield providing information in response to Smith's application for unemployment benefits in which Bearfield wrote that May 9, 2018, was Smith's effective date of separation from the employer.
The Appeal Tribunal's decision, which was adopted by the Board of Review, found that Smith was discharged for misconduct because she intentionally disregarded the employer's interests by failing to ensure that her doctor provided the information required by the employer. We review the findings of the Board in the light most favorable to the prevailing party, reversing only when the Board's findings are not supported by substantial evidence. Stewart v. Dir. , 2013 Ark. App. 600, 2013 WL 5745127. Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. Id. Even when there is evidence on which the Board might have reached a different decision, the scope of our judicial review is limited to a determination of whether the Board could reasonably reach its decision *361 upon the evidence before it. Id. Issues of credibility of witnesses and weight to be afforded their testimony are matters for the Board to determine. Id.
It was in the Board's province to credit Bearfield's testimony that Smith failed to comply with the May 9 letter. Such a finding, however, does not provide a basis for the conclusion that Smith was discharged for misconduct when she was terminated on May 8 or 9. As Bearfield testified, the May 9 letter gave Smith fifteen days to provide requested documentation. Because we conclude that the Board's decision could not reasonably be reached based on the evidence before it, we reverse and remand for an award of benefits.
Reversed and remanded.
Virden and Whiteaker, JJ., agree.